UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARILYN HENRY,

                              Plaintiff,                    05 CV 6023 (SJ)(RML)

   - against -                                        <u>MEMORANDUM</u>
                                                                          <u>AND ORDER</u>

THE CITY OF NEW YORK; RAYMOND W.
KELLY, Police Commissioner; RAFAEL
PINIERO, Chief, Personnel Bureau; GEORGE W.
ANDERSON, Deputy Chief, Executive Officer,
Personnel Bureau; MICHAEL P. O'NEILL, Deputy
Chief, Employee Relations Section; CHARLES
MICHAEL MARTINEZ, Deputy Chief Surgeon,
Medical Division; JACQUELINE MCCARTHY, Retired
Lieutenant, Counseling Services Unit; DANIEL
SWEENEY, Sergeant, Counseling Services Unit;
SUZANNE GIMBLET, Detective, Counseling
Services Unit; VIVIAN MURPHY, Detective,
Counseling Services Unit; each being sued
individually and in their official capacities as employees
of the Police Department City of New York; MARWORTH
ALCOHOL AND CHEMICAL DEPENDENCY
CENTER a.k.a. MARWORTH and its agents,

                              Defendants.
----------------------------------------------------------------------X

A P P E A R A N C E S:


JEFFREY L. GOLDBERG, P.C.
2001 Marcus Avenue, Suite 510
Lake Success, NY 11042
By:   Eric Sanders, Esq.
Attorney for Plaintiff

NYC LAW DEPARTMENT
Office of the Corporation Counsel
100 Church Street, Room 2-300
New York, NY 10007
By: Eric Jay Eichenholtz, Esq.
Attorney for City Defendants

WHITE AND WILLIAMS, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
By: Edward Michael Koch, Esq.
    Mary E. Dixon, Esq.
Attorneys for Defendant Marworth

JOHNSON, Senior District Judge:

Plaintiff Marilyn Henry ("Plaintiff"), a police officer in the New York City Police Department ("NYPD"), brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1983 and 1985(3), the New York State and New York City Human Rights Laws and New York common law against the City of New York and nine NYPD officials (collectively "City Defendants"). The NYPD officials named in the complaint are Raymond W. Kelly, Rafael Piniero, George W. Anderson, Michael P. O'Neill, Charles Michael Martinez, Jacqueline McCarthy, Daniel Sweeney, Suzanne Gimblet, and Vivian Murphy. Plaintiff has also brought suit against Marworth

Alcohol and Chemical Dependency Center ("Marworth").[1]

Plaintiff alleges in her complaint that she has been the victim of discrimination because City Defendants regarded Plaintiff as an alcoholic. Moreover, Plaintiff claims that City Defendants knew or should have known that Plaintiff was not an alcoholic, and referred Plaintiff to an inpatient and outpatient treatment center anyway. Plaintiff further claims that Defendant Treatment Centers knew or should have know that she was not an alcoholic, but proceeded to engage in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff claims that incompetence and negligence are not the causes of her placement in and treatment at rehabilitative services. Rather, Plaintiff alleges that she is a pawn in Defendants' scheme to defraud insurance carriers for their own financial benefit. Specifically, Plaintiff alleges that the only reason City Defendants referred Plaintiff to Defendant Marworth was so that Defendant Marworth could make money and deliver financial kickbacks to members of the NYPD's Counseling Services Unit. Plaintiff further alleges that Defendants' scheme resulted in the deprivation of her rights under the First, Fourth, and Fourteenth Amendments. Defendants now bring this Motion for Judgment on

---

[1] "City Defendants" and "Defendant Marworth" are collectively referred to in this opinion as "Defendants."

the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2]

**STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(c), courts are to apply the same standard applicable to a motion under Rule 12(b)(6). See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994). Under that standard, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Id. at 150. Courts should not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "At the [motion to dismiss] stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998) (quoting

---

[2] Defendant Marworth also moves for dismissal under Rule 12(b)(2). Defendant Marworth concedes that, should Plaintiff's RICO claims survive, this Court has the discretion to maintain jurisdiction over it should the Court find that it served the ends of justice. See 28 U.S.C. § 1965(b); PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 71-2 (2d Cir.1998). Although Defendant Marworth's motion to dismiss Plaintiff's RICO claims is granted, Plaintiff has been granted leave to amend her complaint. Consequently, Defendant Marworth's personal jurisdiction claims will only be considered in the event that Plaintiff chooses to amend her complaint and continues to fail to plead any RICO claim.

Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996)); see also Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.1995).

**RES JUDICATA**

City Defendants contend that all claims against them should be bared because of res judicata. Res judicata bars a subsequent lawsuit where the defendant can show: (1) an adjudication on the merits in the previous action; (2) that the previous lawsuit involved the plaintiffs, or those in privity with them; and (3) that the claims asserted in the subsequent suit were raised, or might have been raised, in the prior proceeding. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Torres v. City of New York, 154 F. Supp. 2d 814 (S.D.N.Y.2001). Where claims arise from the same "'factual grouping' they are deemed to be part of the same cause of action and a later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir.1986) (citing Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93 (1981)). Thus, res judicata bars re-litigation of claims actually raised in a prior proceeding as well as those that could have been litigated. See Quartararo v. Catterson, 917 F. Supp. 919, 944 (E.D.N.Y.1996).

City Defendants point to a class action settlement in Latino Officers Association, et al., v. City of New York, et. al., 99 CV 9568 (LAK)(KNF)("the LOA case") to show that Plaintiff's claim here is barred by res judicata. The

Stipulation of Settlement was filed in connection with the LOA Case and was so ordered by the court. That document is thus subject to judicial notice. See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir.2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.1991) (noting that documents filed with the court are subject to judicial notice, and affirming Rule 12(b)(6) dismissal of securities fraud case where the district court considered documents filed with the Securities and Exchange Commission without expressly taking judicial notice of them); Cowen v. Ernest Codelia, P.C., 98 CV 5548, 2001 WL 856606 *1 (S.D.N.Y. July 30, 2001) (explaining that court may consider public documents on Rule 12(c) motion based on res judicata to determine whether claims are barred by prior litigation).

Based on the materials permissibly considered in a Rule 12(c) motion, Plaintiff's action is foreclosed by the settlement agreement in the LOA Case. Plaintiff admits that she was a member of the class in that case. Further, her claim in that case was that she was incorrectly diagnosed as an alcoholic and forced to attend a Rehabilitation Center in Pennsylvania. Plaintiff specifically stated that:

> I have been incorrectly diagnosed as an alcoholic by
> the New York City Police Department (as a result of
> this incident) and was forced to attend a

> Rehabilitation Center in Pennsylvania for 21 days or
> the threat of suspension.

Eichenholtz Decl. Ex. A.  Therefore, Plaintiff's current claim is based on exactly the same set of facts as her claim in the LOA Case.  The retaliation claims in her current complaint plainly could have been raised in the prior actions, and res judicata bars her from re-litigating those claims.  Because Plaintiff is also barred from asserting claims that could have been raised at that time, the Court finds that all of Plaintiff's current claims are barred by res judicata, with the exception of her RICO claims.  It is conceivable that, if there were an enterprise or similar conspiracy, Plaintiff would not know about it at the time of her previous action and therefore could not have brought suit.  Accordingly, we consider only Plaintiff's RICO claims as to City Defendants.  All other claims against City Defendants are dismissed with prejudice.

### A. RICO Claims

To establish a RICO claim, a plaintiff must show: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 904 (2d Cir.1996) (citing First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 767 (2d Cir.1994)).  Section 1962(c), the section relevant here, makes it unlawful:

> for any person employed by or
> associated with any enterprise
> engaged in, or the activities of which
> affect, interstate or foreign commerce,
> to conduct or participate, directly or
> indirectly, in the conduct of such
> enterprise's affairs through a pattern
> of racketeering activity...

18 U.S.C. § 1962(c). To establish a violation of 18 U.S.C. § 1962(c) then, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); see also Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc., 187 F.3d 229, 242 (2d Cir.1999); Azrielli v. Cohen Law Offices, 21 F.3d 512, 520 (2d Cir.1994). The requirements of section 1962(c) must be established as to each individual defendant. See United States v. Persico, 832 F.2d 705, 714 (2d Cir.1987), cert. denied, 486 U.S. 1022 (1988) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are proscribed by section 1962(d).").

When a plaintiff bases a RICO claim on predicate acts that include fraud, as here, the pleading of those predicate acts must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). See Gregoris Motors v. Nissan Motor Corp., 630 F. Supp. 902, 912-13 (E.D.N.Y.1986). Rule

9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). Allegations of fraud must therefore specify the fraudulent statement, the time, place, speaker, and content of the alleged misrepresentations, Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir.1986) (citations omitted), and factual circumstances giving rise to a "strong inference" that the defendant had the requisite fraudulent intent. Ouaknine v. MacFarlane, 897 F.2d 75, 80 (2d Cir.1990) (citations omitted). Specifically, the complaint must allege "(1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may fairly be drawn." Crystal v. Foy, 62 F. Supp. 422, 425 (S.D.N.Y.1983).

Defendants argue that Plaintiff's RICO claims must be dismissed because the predicate acts on which they are based are not pled with sufficient particularity. Moreover, City Defendants contends that Plaintiff's RICO claims must be dismissed because they do not allege with any specificity which individuals engaged in allegedly fraudulent acts.

### 1. Specificity as to Fraud

In order to establish mail fraud, plaintiff must allege that the defendant (1) participated in a scheme to defraud; (2) knowingly used the mails to further the

scheme; and (3) had the specific intent to defraud. See United States v. Rodolitz, 786 F.2d 77, 80 (2d Cir.1986), cert. denied, 479 U.S. 826 (1986). As stated above, each of these elements must be made out by allegations that meet the Rule 9(b) standard for sufficient particularity. See Frota v. Prudential-Bache Securities, Inc., 639 F. Supp. 1186, 1192 (S.D.N.Y.1986).

To say the least, Plaintiff's complaint is light on details. Plaintiff alleges in a conclusory nature that Defendants knew or should have known that Plaintiff did not meet the criteria of chronic alcohol dependancy. Plaintiff also alleges that the fraud occurred when Defendants referred Plaintiff to rehabilitative services and unnecessary medical procedures.

The complaint fails to set forth with any particularity the "false or fraudulent pretenses, representations, or promises" that were made by Defendants, and which are required to establish a "mail fraud" predicate act. 18 U.S.C. § 1341. The complaint does state, in general terms, that the purpose of the fraudulent scheme was to profit from the insurance proceeds for improper placement of police officers in rehabilitation centers. Plaintiff fails to allege specific facts that support these allegations. At no point in her complaint does Plaintiff allege facts that support her claim that Defendant had reason to know that

Plaintiff was not an alcoholic.[3] Nor does Plaintiff point to any unnecessary procedures that she endured while undergoing rehabilitation. Rather, Plaintiff points to the referral of a patient to rehabilitative services and the subsequent insurance claims as evidence of fraud. However, the actions that Plaintiff points to are routine and do not give rise to the inference of fraud. See O'Malley v. New York City Transit Authority, 896 F.2d 704, 706-07 (2d Cir.1990) (finding that innocuous business communications, without more, fail to establish a mail fraud claim); Asbeka Industries v. Travelers Indemnity Co., 831 F. Supp. 74, 89 (E.D.N.Y.1993) (same). Plaintiff also alleges other facts, such as Defendant Gimblet's lapsed certification and Defendant McCarthy's subsequent employment at Long Island Recovery Center, but the Court finds that none of these facts gives rise to an inference of fraud. In short, the complaint fails to set forth the specific fraudulent acts, statements, or omissions made by Defendants.

Plaintiff contends that exceptions are made to the Rule 9(b) standard when the defendant has exclusive possession of the documents and other evidence necessarily to plead with more particularity. Plaintiff argues that this exception should be applied to her complaint because evidence of the fraud is within City

---

[3] Plaintiff does allege that Defendant Gimblett was not certified but does not explain what relation this has to the fraud. In fact, this fact would suggest that Defendant Gimblet did not have reason to know Plaintiff was not an alcoholic because she was not competent enough to know the difference.

Defendant's possession.  However, it is not clear to the Court why Plaintiff is not privy to the facts necessary to state her claim with more specificity.  Plaintiff has access to her own medical records and was present for her treatment.  Moreover, health care providers, such as Red Cross and GHI, are named as victims of the alleged fraud.  Surely these providers would be more than willing to assist Plaintiff in identifying fraud.  Therefore the lack of specificity in Plaintiff's complaint cannot be excused under this exception to Rule 9(b).

Plaintiff also attempts to correct the lack of particularity by pleading certain facts "on information and belief."  However, while facts and evidence solely within a defendant's possession and knowledge may be pled "on information and belief," this does not mean that those matters may be pled lacking any detail at all.  See First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir.2004); DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir.1987) ("[T]he allegations must be accompanied by a statement of the facts upon which the belief is based.").

As a result, the complaint sets forth only general or conclusory allegations that fraudulent statements were made, and therefore fails to provide the particularity regarding the alleged fraud as required by Rule 9(b).  Because of this failure, Plaintiff's RICO claims are dismissed against all Defendants.  Plaintiff is granted leave to amend her complaint within 30 days of the date of this Order.

### 2. Specificity as to Defendants

Having already dismissed Plaintiff's RICO claim for failure to plead the fraud with sufficient particularity, it is not necessary to determine whether the complaint sufficiently identifies the predicate act that each defendant engaged in. However, given that Plaintiff has been granted leave to amend her complaint, the Court also notes that Plaintiff has failed to plead with the required specificity as to each defendant.

A complaint "sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud." Center Cadillac, Inc. v. Bank Leumi Trust Co., 808 F. Supp. 213, 230 (S.D.N.Y.1992). A plaintiff must demonstrate that each defendant had a specific intent to defraud either by devising, participating in, or aiding and abetting the scheme. See Morrow v. Black, 742 F. Supp. 1199, 1205 (E.D.N.Y.1990); Connors v. Lexington Insurance Co., 666 F. Supp. 434 (E.D.N.Y.1987).

Plaintiff does not meet these requirements in her complaint. Instead, Plaintiff merely accuses handfuls of defendants of engaging in an alleged enterprise without identifying each defendants role in and relationship to the enterprise. Therefore, Plaintiff fails to meet the requirement under Rule 9(b) that allegations of fraud must connect to each individual defendant. See Luce v.

13

Edelstein, 802 F.2d 49, 54 (2d Cir.1986) ("Such allegations, which fail to specify the time, place, speaker, and sometimes even the content of the alleged misrepresentations, lack the 'particulars' required by Rule 9(b)"); see also Landy v. Mitchell Petroleum Technology Corp., 734 F. Supp. 608, 620 (S.D.N.Y.1990).

### B. RICO Conspiracy Claim

It is unlawful under 18 U.S.C. § 1962(d) to conspire to violate § 1962(a), (b), or (c). To state a RICO claim under subsection (d), plaintiff must establish that each defendant agreed personally to commit at least two predicate acts. See United States v. Teitler, 802 F.2d 606, 612-13 (2d Cir.1986) (citing United States v. Ruggiero, 726 F.2d 913, 921 (2d Cir.1984), cert. denied, 469 U.S. 831 (1984)). A RICO conspiracy claim does not require an allegation that the defendant actually committed the substantive offenses, but the complaint must allege that each defendant agreed to personally commit at least two predicate acts. See Teitler, 802 F.2d at 613. It is not enough to allege that the defendant simply agreed to the commission of two or more predicate acts by coconspirators. See Ruggiero, 726 F.2d at 921. General allegations that the defendants "conspired" in the scheme do not sufficiently attribute responsibility for fraud to each individual defendant. See Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y.1989). In order to survive a motion to dismiss, a plaintiff's complaint must allege "facts implying an [...] agreement involving each of the defendants to commit at least two

14

predicate acts." Hecht v. Commerce Clearing House, 897 F.2d 21, 25 (2d Cir.1990). In other words, the complaint must allege "some factual basis for a finding of a conscious agreement among the defendants." Id. at 26 n. 4.

Plaintiff's RICO conspiracy must then be dismissed for two reasons. First, the complaint fails to state a substantive RICO claim and the conspiracy claim is based on the same set of allegations. See, e.g., McLoughlin v. Altman, 92 CV 8106, 1993 WL 362407 *5 (S.D.N.Y. Sept.13, 1993) (dismissal of section 1962(c) claim mandated dismissal of conspiracy claim "because the latter claim relies on the same allegations as the Section 1962(c) claim"), aff'd, 22 F.3d 1091 (2d Cir.1994).

Second, conclusory allegations of an agreement, such as the ones found in Plaintiff's complaint, are insufficient to state a RICO conspiracy claim. The complaint alleges no facts showing that individual defendants, by their words or actions, manifested a conscious agreement to commit any predicate acts. Nor does the complaint allege facts showing knowledge by each of the defendants of the existence of the other alleged predicate acts. Accordingly, Plaintiff's RICO conspiracy claim is dismissed, and she is granted leave to amend her complaint within 30 days of this Order.

### C. Plaintiff's §1983 Claims

In order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color

of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. See Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir.1993). Section 1983 permits claims for violations of constitutional rights committed "under color of" state law, a phrase synonymous with the "state action" required by the Fourteenth Amendment. Thus, state action is an indispensable element of each of plaintiffs' claims for relief. Defendant Marworth contends that, as a private entity, it cannot be held liable for any constitutional violations because it is not a state actor.

Action taken by a private entity constitutes state action only when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n., 531 U.S. 288 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). Mere contracting or business referrals cannot support a claim of state action. See Brentwood, 531 U.S. at 307-8 (finding that interscholastic athletic organizer was not a state actor even though 84% of its business was with public high schools because it was a private entity which was neither controlled, created, nor predominantly funded by the state).

There is no interpretation of the allegations in Plaintiff's complaint that suggests that Defendant Marworth was so intertwined with state actors as to be

16

characterized as the state itself. Plaintiff does not allege that any state actor funded Defendant Marworth or its employees, and though Defendant Marworth specializes in treating law enforcement personnel with addiction problems, it is clear from Plaintiff's own exhibits that Defendant Marworth treats such a wide variety of patients and addictions that it cannot be considered an extension of the state. Rather, Plaintiff's complaint only alleges that she was referred to Defendant Marworth and that Defendant Marworth were compensated through insurance companies such as Red Cross and GHI. Because Defendant Treatment Centers' relationship with the state can at best be described as a contractor, they cannot be designated as state actors. Consequently, all constitutional claims against Defendant Treatment Centers must be dismissed. Plaintiff is granted leave to file an amended complaint as to the constitutional counts against Defendants Treatment Centers within 30 days of this Order.

### E. § 1985(3) Claim

In order to prevail on a § 1985(3) claim, a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right of a citizen of the United States. See Mian v. Donaldson, Lufkin & Jenrette

Securities Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)(citing United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). Also, the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id.

Plaintiff has failed to show that any conspiracy existed because she fails to allege any facts that would support the conclusion that City Defendants came to any agreement. The lone allegation in Plaintiff's complaint that comes anywhere near establishing some agreement between the parties is that Defendant McCarthy is now employed by the Long Island Center for Recovery. However, the Long Island Center for Recovery is not a named party in Plaintiff's complaint, so it is unclear to this Court how this fact indicates any conspiracy between Defendant Marworth and City Defendants. Nor can Plaintiff allege a conspiracy based upon City Defendants repeated referrals to Defendant Marworth because, by Plaintiff's own admission, Defendant Marworth specialized in treating law enforcement personnel with addiction problems. Pl.'s Ex. C.

Moreover, even if there was a conspiracy, Plaintiff fails to show that the conspiracy was motivated by any racial or class-based discrimination. There is nothing in the complaint to suggest that City Defendants' decision to send Plaintiff for substance abuse treatment was discriminatory. Accordingly, Plaintiff's claims that rest upon a violation of § 1985(3) are dismissed.

### G. Common Law Claims of Unjust Enrichment and Aiding and Abetting of Breach of Fiduciary Duty

In order to state a claim for breach of fiduciary duty, a plaintiff must first show that a fiduciary duty exists between him and the defendant. See, e.g., Radin v. Albert Einstein College of Medicine of Yeshiva, 04 CV 704, 2005 WL 1214281 *1 (S.D.N.Y. May 20, 2005). Plaintiff has failed to allege any such relationship in her complaint[4], and, as a result, this claim must be dismissed.

In order to state a claim for unjust enrichment, a plaintiff must show that "the defendant was enriched, that such enrichment was at plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should return the money or property to plaintiff." Steinmetz v. Toyota Motor Credit Corp., 963 F. Supp. 1294, 1307 (E.D.N.Y.1997) (citations and internal quotations omitted). In this case, Plaintiff fails to allege that she conferred any benefit upon Defendant Marworth. Accordingly, Plaintiff has failed to allege that Defendant Marworth has been enriched at her expense. Therefore, Plaintiff's claim for unjust enrichment must also be dismissed.

### CONCLUSION

Plaintiff's claims as to City Defendants are DISMISSED with prejudice

---

[4] Plaintiff has failed to allege that the New York City Police Department members of the Counseling Service Unit were fiduciaries. Plaintiff has also failed to allege that Defendant Marworth was a fiduciary.

except for her claims against City Defendants for RICO violations.

Plaintiff's RICO claims as to all Defendants are DISMISSED without prejudice and Plaintiff is granted leave to amend her complaint within 30 days of this Order.

Plaintiff's claims under §§ 1983 and 1985(3) and common law state law claims against Defendant Marworth are DISMISSED without prejudice. Plaintiff is granted leave to amend her complaint within 30 days of this Order.


SO ORDERED.

Dated: March 30, 2007                    _____
       Brooklyn, New York                        Senior U.S.D.J.